ROBERTS VS BEESON.

*As to service of process by improper officer—how taken advantage of.*
*As to trespass by a sheriff.*

1. A plea, to an action against one for trespass in taking goods, —'that the goods were taken as sheriff, by virtue of a *fieri facias,*' estops the defendant afterwards from alleging that the writ was not served upon him by the proper officer.

2. The want of authority in one to execute process, is no ground of motion to quash; but must be taken advantage of by plea.

3. The selling by a sheriff under execution, of more of the goods of a defendant, than are sufficient to satisfy the process,—will render him liable, (to the extent of the additional goods sold,) to the action of trespass.

In this case, Beeson brought his action of trespass, against Roberts, in the Circuit Court of Blount, for wrongfully taking goods, the property of the plaintiff.

To the action the defendant plead—

First—Not guilty.

Secondly—A special plea, justifying a sheriff of the county, under a writ of *fieri facias*, by virtue of which a levy had been made, and which was the trespass complained of: to which plea there were replication and issue.

Following the entry in the record of the pleas, there was set out a motion to quash—all entitled as of September term, eighteen hundred and thirty-five.

At March term, eighteen hundred and thirty-six, the motion to quash was considered and overruled,—

when the parties went to trial upon the issue joined, and a verdict and a judgment were rendered for the plaintiff.

A bill of exceptions shewed, that the defendant proved, that he levied upon and sold the goods mentioned in the declaration, by virtue of a writ of *fieri facias*, placed in his hands to be executed. It was also proved, that one Clifton, to whom the execution had been transferred, took from the defendant therein, (the plaintiff in this action,) a deed of trust, which secured the damages which the execution was issued to realize; and that Clifton gave instructions to the sheriff to stay the execution, when the deed should be completed : that the deed was completed, and that the sheriff, to make the costs of the execution, levied upon the goods specified in the declaration, and sold them—collecting therefrom the sum of nine hundred and ninety dollars and twenty cents, being nine hundred and eight dollars and twenty and an half cents over and above the amount due, as costs upon the said execution.

The defendant upon this proof, asked the Court to instruct the jury,—that if they believed that defendant levied upon and sold the goods under the aforesaid execution, the collection of an amount over and above that due upon the execution, would not subject the defendant to an action of trespass.

The Court refused to give this charge, and the defendant took his writ of error.

The assignments of error were—

First—The refusing of the Court to give the charge prayed.

Second—The refusal to quash the writ.

*Ellis* and *Peck*, for plaintiff in error.
*McClung* and *Robinson*, contra.

HOPKINS, J.—The action in this case, was tres-
pass *de bonis asportatis*, in favor of the defendant in
error.

The plaintiff in error, who was the defendant in
the suit, pleaded in bar that, as sheriff and in virtue
of a writ of *fieri facias* against Beeson, which had
been directed to him, he took and carried away the
chattels described in the declaration. In the same
term of the Circuit Court, during which he filed his
plea, he made a motion to quash the writ that com-
menced the action. The motion was afterwards
overruled by the Court, and in doing so, it is alleged
there was error.

It does not appear from the record, on what day
of the term the plea was filed, or the motion made.
But the plea is first in the record, and the legal pre-
sumption is, that it was filed before the motion was
made. In the plea he admitted he was sheriff of the
county, the coroner of which executed the writ
against him. His plea estopped him from saying af-
terward, that the coroner was not the proper officer
to execute the process. But the want of authority
in a coroner to execute process, is no ground for a
motion to quash the writ. It is matter for a plea in
abatement; and to such a plea, it would be a good
replication that the sheriff was a party to the suit,
or interested in the subject of it.*

*2Ld.Ray-
mond, 884,
885.

From a bill of exceptions, which is a part of the
record, it appears, that the *fieri facias*, which was
in the hands of the plaintiff in error, as sheriff, had

been transferred by the plaintiff in it, to C. R. Clifton, who wrote to the sheriff that he had agreed with the defendant in the execution, to suspend it, upon condition that the defendant would execute a deed of trust, which had been prepared; and directed the sheriff, if the deed should be signed, proved, and recorded, to return the execution, "held up by order of C. R. Clifton," to whom the judgment had been transferred, except the costs, the amount of which he was compelled to make.

After the sheriff received the instructions from Clifton, and the deed of trust had been executed, proved and recorded, he levied the writ of execution, and sold property of the defendant in error, for the sum of nine hundred and ninety dollars and twenty cents, which was nine hundred and eight dollars and twenty cents more than the amount of the costs.

Upon the trial of the cause, no question was made as to the right of Clifton to give the order, or as to the knowledge of the sheriff of the events in which he had been directed to make the costs only. He asked the Court to instruct the jury, if they believed, from the evidence, he levied and sold the property in virtue of the *fieri facias*, that his collecting more than the costs did not make him liable to the action of trespass. The Court refused to give the instruction, and the refusal has been assigned for error.

Against the right to the action of trespass in this case, several cases have been cited, in which it was adjudged, that trespass does not lie for taking an excessive distress. For an excessive distress, there was no remedy at common law; one was given

ROBERTS *vs* BEESON.

by the statute of *Marlbridge**—and it was a special action on the statute.† But if there were no right to distrain, an action of trespass lies at common law.‡

Because, for an excessive distress, which was no injury at the common law, an action on the case on the statute of *Marlbridge* is necessary in England, it does not follow that for an act, that is an injury at the common law, the same remedy is proper.

The sheriff in this case does not rely for his justification on the ground that no chattel nearer the value of the costs could be found, than one which sold for the sum he collected. If he could not have found chattels of sufficient value, without seizing one, the additional value of which was more than enough to satisfy the costs, he would have had a right to levy on it, and to retain the excess of the proceeds of the sale over the amount of the costs, until the defendant in the execution should demand it of him.‖

But the property on which he levied, consisted of many chattels of different values, and a sale of a few of them would have made the amount of the costs.

It has been decided, that trespass lies in favor of a defendant in an execution, against a sheriff, who with a *fieri facias* for forty shillings, took and sold five oxen, each of the value of five pounds. For one, who has been detained by a sheriff in custody, on a *capias ad satisfaciendum*, after he tendered to the sheriff the debt and costs, or shewed him a *supersedeas* of the judgment, trespass is the proper remedy.§

In the case, that has been referred to, in which

*52 Hen. 3
†2 Bla. com
3d bk 12—
2 Strange,
851.
‡6 Bac Abr.
559; 1 Chit.
Pl. 146.

‖19 Viner's
Abr. 435.

§20 Viner's
Abr. 458—
1 Chit. Pl.
213.

the sheriff took five distinct chattels, each of greater value than the sum he was required to make, he abused the process of the Court, and his act in taking four of them was illegal, and an immediate injury to the property of the defendant in the execution. In the other case, his conduct in the first instance was lawful; but he committed an act of trespass not warranted by the process, when he detained the defendants in prison, after they shewed a right to be discharged.

The owner of an execution has a right to control it, to the extent, at least, of his interest in it. In this case, the defendant in error gave a good consideration for the stay of the execution against him, and after the sheriff received the direction of Clifton, and knew that the deed of trust had been executed, proved and recorded, the act of taking more chattels, than such as would be sufficient to satisfy the costs, *was so far* as it related to the additional chattels, as illegal and immediately injurious to the property of Beeson, as if no execution had issued against him.

We think the Court did not err in refusing to give the instruction.

Let the judgment be affirmed.