## MOORE vs, FIQUETT..

1. When a writ is returned into court, executed by the proper officer,. although it was not executed five days before the sitting of the court; yet if the defendant makes no objection to its execution in the primary court, he cannot raise the objection in the appellate court.

ERROR to the Circuit Court of Tuskaloosa..

No counsel for the plaintiff in error.

E. W. PECK, for defendant.

CHILTON, J.—The error assigned is, that there is a judgment by default, when it appears that the writ was "not served

Moore v. Fiquett.

upon the defendant below five days before the commencement of the court, to which it was made returnable." The statute declares that "all original process, and all subsequent process thereupon, to bring any person or persons to answer to any action, suit, bill or plaint, in any court in this State (except *subpœnas* for witnesses, which in term time may be made returnable immediately) shall be issued by the clerk of such court, and shall be returnable to the first day of the term, and shall be executed at least five days before the return thereof; and if any person shall take out any writ or process while such court is sitting, or within five days before the beginning of the term, such writ or process shall be made returnable to the term next after that then held, or to be held within five days as aforesaid, and not otherwise; and all writs and process issued, made returnable, or executed in any other manner, or at any other time than is herein before directed, may be abated on the plea of the defendant."

We have very carefully looked into the cases which have arisen under the above statute, and we feel constrained to hold that we should violate both its letter and spirit, were we to allow a party to take advantage of the irregularities there pointed out, in this court, without having raised any objection to the process, or its execution in the primary court. Whether he should raise the objection by plea in abatement, or by motion to set aside the service for irregularity, it is not necessary for us now to determine. All we decide is, that when the writ is returned into court, executed by the proper officer on the party, although it was not executed five days before the sitting of the court, yet, if the defendant makes no objection in the primary court, he cannot be allowed for the first time in this court to raise such objection. The following cases seem to require that irregularities in the execution of process should be taken advantage of by plea in abatement.—Roberts v. Beeson, 4 Port. 167; Nabors v. Thomason, 1 Ala. 590; Mitchell v. Allen, 2 S. & P. 247; and see this statute construed in Findley v. Richie, 8 Port. 452.

Judgment affirmed.