Francis Collins v. William P. Merriam

*Audita Querela. Process.*

If a writ be served by leaving a true and attested copy with the defendant, the fact, that the name of the authority signing it is omitted in the copy, will not necessarily defeat the effect of the service as a notice of the pendency of the suit and the trial day, nor constitute matter of abatement.

Audita Querela to set aside a judgment rendered by H. G. Clark, a justice of the peace, against the plaintiff in an action in favor of the defendant against him. Plea, the general issue, and trial by the court, at the September Term, 1858,—Aldis, J., presiding.

The plaintiff introduced in evidence the record of the judgment described in the declaration; also a copy of the writ (*Merriam v. Collins*), and the officer's return on it, and the testimony of the plaintiff that that particular copy was left with him by the officer, and no other. This copy had no name of a justice of the peace signed to it. The plaintiff further testified that he did not attend the court, nor know of nor consent to a continuance of the suit. The plaintiff also introduced the testimony of the justice tending

to show that Collins did not appear, and that he continued the case at the request of Merriam and of H. O. Perkins, the person who served the writ.

The defendant introduced H. O. Perkins as a witness, who testified that a day or two, or perhaps three days before the court day set in the writ, the plaintiff (Collins) asked him when the court would be? that the witness told him, and thereupon Collins said to him, that he should have to have the suit continued, for he was not going to be in town on that day; that a few days after the court day the witness again saw Collins, and Collins asked him to what time it was continued? and the witness told him. The defendant also introduced a copy of the original writ and the officer's return, to show that the officer who served the writ left a true and attested copy of it with the plaintiff (Collins). The defendant also introduced a copy of the record of the judgment in the suit of *Merriam* v. '*Collins*, to show that the suit was continued by the order of the court.

The complainant (Collins) insisted, 1st, That he had no notice, by the copy left with him or otherwise, of the magistrate or court, before which he was to appear; 2d, That the suit was continued without any appearance on his part, or any consent or knowledge of his, and without any other legal cause.

The court held the notice, as proved by the officer's return, sufficient, and found upon the evidence introduced by the defendant (Merriam), that the case was continued with the consent of Collins, and thereupon rendered judgment that the writ be dismissed, and that the defendant recover his costs, to which the plaintiff excepted.

*R. R. Thrall*, for the plaintiff.

*Linsley & Prout*, for the defendant.

BENNETT, J. The grounds relied upon to sustain this *audita querela* are, first, a want of notice of the pendency of the suit before the justice, and second, a discontinuance of the suit before the justice prior to the rendition of the judgment.

The return of the person deputed to serve the writ, which is

sworn to, states that he delivered to Collins a true and attested copy of the writ, with his return on the original writ indorsed thereon. Suppose there was an omission to annex the name of the magistrate who signed the writ to the copy. I apprehend this would not defeat the effect of the service as a notice, and under our decisions would not constitute matter of abatement. Besides, the question of notice was a question of fact, and this was found by the county court.

We can not say that the county court gave credit to the testimony of Merriam, that the name of the justice was not annexed to the copy.

In regard to the discontinuance of the suit, it is clear there was testimony tending to prove a continuance of the suit by assent of the defendant, and this was matter to be passed upon by the county court.

A subsequent assent to the continuance would be sufficient to prevent a discontinuance.

The judgment of the county court is affirmed.