## HARRISON vs. HOLLEY.

[JUDGMENT BY DEFAULT—WITHDRAWAL OF APPEARANCE.]

1. *Appearance, withdrawal of; presumption in regard to, under facts of this case.*—Where the entry of a judgment by default recited that the plaintiff came by his attorney, "and the counsel of the defendant ask leave to withdraw their appearance, which is granted, and the defendant being called, came not, but made default," &c., and this was the only evidence of any appearance by the defendant,—*Held*, on appeal, that it was not the defendant's appearance that was withdrawn, but that of the counsel, as erroneously entered.

APPEAL from Circuit Court of Lowndes.
Tried before Hon. J. Q. SMITH.

The facts of the case appear in the opinion.

R. D. RUGELEY, for appellant.
CLEMENTS & GILCHRIST, *contra.*

B. F. SAFFOLD, J.—The summons was not signed by the clerk. The judgment entry recites that the plaintiff

came by his attorney, "and the counsel of the defendant ask leave to withdraw their appearance, which is granted, and the defendant being called, came not, but made default." The appeal is taken upon the record, and the above is all that is stated in reference to the appearance of the defendant. It was not the defendant's appearance that was withdrawn. This he might have done without leave. The counsel withdrew their appearance for him. The plaintiff was present and took his judgment by default without requiring any explanation of the condition in which his case was to be placed. The only conclusion to which we can come, is that the appearance of counsel for the defendant was improperly entered, and on that account was withdrawn. A summons not signed by the clerk, will not support a judgment by default.—*Winnemore v. Mathews*, January term, 1871.

The judgment is reversed, and the cause remanded.