[Lenoir *v.* Broadhead's Administrator.]

# Lenoir *v.* Broadhead's Administrator.

*Action on Promissory Note, by Assignee against Maker.*

1. *Service of summons and complaint.* — The words "Received in office, August 22, 1870," and "Executed August 22, 1870," followed by the sheriff's name and title, and copied into the transcript immediately after the summons and complaint, are sufficient, after judgment by default, to show a regular service of the summons and complaint; and if referred to the summons only, they would show a sufficient service, in the absence of objection in the primary court.

2. *Clerical mistake in calculation of interest; judgment corrected and affirmed.* — On the rendition of a judgment by default, in an action on a promissory note, it is the duty of the clerk to compute the interest (Rev. Code, § 2770), allowing proper credits for partial payments made, and to enter judgment for the amount ascertained to be due; and if, by mistake, judgment is entered for a greater amount than is actually due, the judgment will be corrected on appeal, and affirmed at the costs of the defendant.

APPEAL from the Circuit Court of Baker.
Tried before the Hon. JAMES Q. SMITH.

COBB & LEWIS and WATTS & TROY, for appellant.

DOSTER & ABNEY, *contra.*

PETERS, C. J. — This is an action of debt. Following the summons and the complaint is this entry in the record: "Received in office, August the 22, 1870. W. A. Jones, sheriff." "Executed, August 22, 1870. W. A. Jones, sheriff." The summons is in the form prescribed in the Code. The complaint is somewhat peculiar. For this reason I set it out in full. It is in these words: —

"M. K. Broadhead ⎫ The plaintiff claims of the defendant the
          *v.*          ⎬ sum of two hundred and fifty dollars,
 R. C. Lenoir. ⎭ with the interest due on a promissory
note made payable to Andrew Wolley, for the sum of fourteen hundred dollars, dated 25th day of January, 1859, and due the 1st day of January next thereafter, with the following credits indorsed thereon, to wit, 'January 18th, 1860, received four hundred and fifty dollars'; 'April 30th, 1861, rece'd one hundred dollars'; 'February 23d, 1863, rece'd one hundred and ten dollars'; 'January 4th, 1866, rece'd five hundred dollars'; of which said note the plaintiff has become the payee by purchase."

On this complaint the following judgment was rendered: "This day came the plaintiff, by attorney; and the defendant, being called, came not, but made default. It is therefore considered by the court, that the plaintiff recover of the defendant the sum of one thousand and sixty-one dollars $\frac{70}{100}$ damages, besides costs of suit, for which let execution issue."

From this judgment the defendant in the court below appeals to this court, and here he assigns the following errors: "1. The rendition of the judgment against him in the court below." "2. That it does not appear by the record that he (defendant) was ever served with process to make him a party defendant, and to bring him into court." "3. That judgment was rendered against him (defendant) without his being in court by service of any process."

1. These errors, as thus assigned, all seem to involve the same point; that is, that the defendant was not regularly served with process. This is not sustained by the record. The return of the sheriff "executed," coming after the summons and complaint, must be referred to these parts of the proceedings. In this view of the record, it appears that the defendant was served both with the summons and the complaint. But a service of the summons, without the complaint, would have been sufficient, if the defendant made no objection to such an irregular service in the court below. This has long been the settled law of this court. *Drew* v. *Cunningham*, 28 Ala. 466 ; *Moore* v. *Fiquett*, 19 Ala. 237 ; *Roberts* v. *Beeson*, 4 Porter, 166 ; *Maverick* v. *Duffee*, 1 Ala. 433. Then, for this error, there can be no reversal.

2. But it is contended by appellant that the judgment is for too much. Although this is not an error specifically pointed out by the assignments, yet as it appears that it is a defect in the judgment, and possibly may be intended to be pointed out by the first assignment, it will be considered. It is apparent from the record that this action is founded on an instrument of writing ascertaining the plaintiff's demand, and that the judgment is by default. In such case, the judgment in the court below may be entered up by the clerk, under the direction of the court, and the clerk must compute the interest. Rev. Code, § 2770. It appears, also, that there is sufficient matter apparent on the record to enable the court below to make the proper amendment. The error in the judgment is clearly a miscalculation of the clerk. No cause can be reversed for such error or mistake, in this court, unless the court of original jurisdiction refuses to make the amendment. Rev. Code, §§ 2807, 2811. Upon these sections of the Code, my inclination was to affirm the judgment in this case without correction ; but it seems that the judgment of the court below is manifestly too large, and, if objected to in the court below, it might have been corrected there ; and it appears that the complaint contains a substantial cause of action. Under authority of the case of *Spence* v. *Rutledge* (11 Ala. 590), the judgment will be corrected here, and affirmed. The clerk of this court will, therefore, deduct the proper credits, admitted by the complaint in

[Reavis v. Reavis.]

this case, from the amount of the debt shown to be due and unpaid by the promissory note on which the action is founded, and compute the interest on the balance due, from the date of the last credit up to the rendition of the judgment in the court below, and make the appropriate correction. In other respects, the judgment so corrected is affirmed, at the costs of the appellant. *Kennedy & Merritt* v. *Young*, 25 Ala. 563.