# Comer *v.* Jackson.

### *Action on Promissory Note, by Payee against Maker.*

1. *Service of process on Sunday.* — The service of process on Sunday is merely an irregularity, which may be pleaded in abatement, or set aside on motion, but it does not render a judgment by default either void or reversible.

2. *Plea in abatement of misnomer.* — When the defendant is sued on a note by the name signed to it, and he does not deny the execution of the note by him, he cannot plead in abatement on account of an alleged misnomer.

3. *Verdict; rendition and correction of.* — The jury may retire from the court to consider of their verdict, or they may agree upon it without retiring; and when it has been announced to the court, whether orally by their foreman, or in writing signed by him, it may be corrected by them, and put in proper form, under the direction of the court, until it has been entered of record, or until they have been discharged.

APPEAL from the City Court of Eufaula.

Tried before the Hon. E. M. KEILS.

This action was brought by B. H. Jackson, against G. L. Comer and J. W. Dreury; was founded on the defendants' promissory note for $2,800, dated the 20th day of August, 1870, and due the 1st day of January, 1871 ; and was commenced on the 18th day of May, 1872. At the trial term, as the bill of exceptions states, " the plaintiff asked the court, through his attorney, to allow the sheriff to amend his return on the summons and complaint, so that it might show that the defendant G. L. Comer had been served with a copy of said summons and complaint. The defendant Comer objected to the proposed amendment, and offered to prove to the court that he had not been served with a copy of said summons and complaint, as required by law. The court refused to hear the proof offered by said Comer, and permitted the sheriff to amend his return, by adding thereto these words : ' Executed by serving the defendant G. L. Comer with a copy of the summons and complaint, this 19th May, 1872,' which was signed by said sheriff. To all of which said rulings of the court the defendant Comer excepted.

" On a subsequent day of the term, when the cause was regularly called for trial," the defendant Dreury filed a plea in abatement, which was sworn to, alleging that his true name was *John W.* Dreury, and not *J. W.* Dreury ; to which the plaintiff replied, that he signed the note sued on by the name of J. W. Dreury, and that he was known by that name as well as by the other ; and issue was joined on this replication. On the evidence adduced on this plea, the court charged the jury, " that if they believed, from the evidence, that the defendant was known as well by one name as by the other, they must find the issue on the plea in favor of the plaintiff ; " to which charge said defendant Dreury excepted. The jury returned a verdict

[Comer v. Jackson.]

in these words: " We, the jury, find that the defendant J. W. Dreury and John W. Dreury are known as the same person; " which was signed by their foreman. " The plaintiff then said that he was not satisfied with this verdict, and asked the court to direct them to put their verdict in proper form ; and then wrote out a verdict, and asked the court to let the jury sign it without retiring ; to which said defendant objected, and also objected to the jury signing any other verdict than the one which they had already returned. The court overruled said objections, and permitted the jury to retire and sign the verdict so written out for them, which was in these words : ' We, the jury, find the issue on the plea of misnomer in favor of the plaintiff ; that the defendant J. W. Dreury is known as well by the name of J. W. Dreury as John W. Dreury.' To each and all of these rulings of the court the said defendant excepted." The defendant Dreury declining to plead over, the court rendered judgment by *nil dicit* against him, and judgment by default against Comer, for the balance due on the note, with interest, and costs.

The assignments of error are : " 1. The court erred in giving judgment by default against the defendant Comer, when the record shows that the only service of the summons and complaint upon said defendant was made on Sunday, May 19, 1872. 2. The court erred in not permitting the defendant Comer, when the sheriff asked leave to amend his return, to prove that no legal service had been made. 3. The court erred in its charge to the jury on the issue joined on the plea of misjoinder. 4. The court erred in its several rulings about the verdict. 5. The court erred as shown by the record."

G. L. COMER, for appellants.

S. B. TONEY, with WOOD & ROQUEMORE, *contra.*

PETERS, C. J. — The object of the service of process is to give notice of the suit to parties to be affected by the judgment. Without such notice, no binding judgment can be rendered against them. The judgment is void without it. 4 Pet. 466 ; 14 Pet. 147; 9 How. 336 ; 11 How. 437. Here, it is contended that the *date* of the service in this case shows that it was made on the *Sabbath ;* that the court will take judicial notice of this date, by the aid of the almanac (31 Ala. 167; 33 Ala. 674) ; that such a service is a nullity, and consequently the judgment by default against Comer is erroneous, and should be reversed. By act of parliament (20 Car. 2, c. 7), as Mr. Chitty shows by his work on Practice, it was decreed, " that no person shall on Sunday serve or execute, or cause to be executed, any writ

[Comer v. Jackson.]

or process, warrant, order, or decree (except in cases of treason, felony, or breach of the peace), but that the service thereof on Sunday shall be void to all intents and purposes whatever." 3 Chitty Genl. Pr. 104, 105, marg.; Tidd Pr. p. 106. Our statute, which forbids the desecration of the Sabbath, does not go thus far. It only forbids certain acts to be performed on that day. Rev. Code, §§ 1882, 3614. Having forbidden these acts, it cannot be intended that such as are not named were also included. Service of process is not one of the acts forbidden, as void or illegal, if done on that day. In certain cases, this is permitted. Rev. Code, §§ 2578, 2941. Then, it seems a proper construction of our law, that such service is merely irregular. Upon a proper inquiry, the date itself might be found an error of the sheriff, and that the service was made upon a proper day. When we consider the great importance of judgments, and the validity of the titles to property that depend upon them, it seems to me a rash conclusion to make their nullity depend upon such a fact as a misstatement of a date in the return of the process, when the record shows that the defendant complaining was in court when the case was called, and made *objection* to the proceeding in his own proper person. If this service was a nullity, there was no service; and if there was no service, the judgment is a nullity, and all the proceedings under it are nullities. *McLean* v. *Lafayette Bank*, 3 McL. 186, and cases *supra*. I therefore think the better opinion is, that the service in this case, if it be admitted to have been made on the Sabbath, was merely irregular, and not void. Our predecessors, in this important tribunal, have decided that, where a service of process is merely irregular, or defective, the irregularity or defect should be pleaded in abatement, or the service should be set aside on motion. *Moore* v. *Fiquett*, 19 Ala. 236; *Dew* v. *Cunningham*, 28 Ala. 466. We think this a proper practice in such a case as this. It affords a safe opportunity to do justice to all the parties. *Justice is the law of laws.* The Sabbath is sacred for the preservation of the peace and good order of the State; but it is only sacred for sacred purposes. It is very evident that it is not the policy of the law of this State to make the Sabbath an opportunity of escape for an absconding debtor. He whose great name sanctifies the Sabbath for the holy purposes of religion and of morals, also approved its disregard when a proper necessity requires it. If it may be allowed to gather corn and eat it on that day, it may also be found legal, in a proper case, for like reason, to serve a reluctant debtor with process on the Sabbath, who might not be able to be found on Monday, and bring him into court to compel him to pay what he owes. But this question is not now presented. We go only so far as to say, that service of

process made on the Sabbath is only irregular, and not wholly null and void. The defendant Comer had full personal notice of the proceeding against him, and full opportunity to plead any sufficient plea in his defence. His failure to do so was his own default. The judgment against him is correct.

The defendant Dreury pleaded in the court below, in abatement, that he was not called or known by the name of " J. W. Dreury," by which name he was sued, but by the name of John W. Dreury. He did not deny the execution of the promissory note on which the suit was founded, by proper plea, as required by the Code. Rev. Code, § 2640. Then, the verity and validity of this instrument was admitted. The proof shows that he executed this note by the name and style of " J. W. Dreury," and not in the name of John W. Dreury. Yet the same person that executed the note is the same person that is sued. Now, a party may not change his name, without a proper proceeding in court (Rev. Code, § 790, cl. 11); but he may adopt as many other names as he pleases, and he may express these names by a single letter, or by as many more as suits his taste or fancy. Here, he chooses to adopt the name of J. W. Dreury, by which he makes himself known in his contract. The name is only to identify the individual. Here, the defendant, John W. Dreury, adopts the name " J. W. Dreury " to identify himself. He cannot be permitted to deny this name, unless he denies the execution of the note, to which he has affixed it. This he has not done. He is the party who executed the contract on which the suit is founded, and he is sued by the name he adopted in making it. This is enough.

The objections to the verdict of the jury are without substance. The jury need not retire from the court to agree upon their verdict, or they may retire to consult, as they think fit, under the control of the court. Whichever course they pursue, after the verdict is agreed upon, it is announced to the court by their foreman. This may be done in a written memorandum, or it may be done viva voce. When it is once agreed upon, and declared to the court, it is entered of record. The verdict thus recorded in court is the only proper verdict. The written memorandum, declaring the verdict returned by the jury as their verdict, is not a part of the record, or evidence of it, after the record of the verdict is made up; and until this is done, the verdict may be altered to suit 'the finding. Dornick v. Reichenback, 10 S. & R. 84; 10 Bac. Abr. (Bouv.) p. 315, 316; G. Rousseau v. Daysson, 8 Mart. N. S. 273; Edelen v. Thompson, 2 Har. & Gill, 31; Adkins v. Blakis, adm'r, 2 J. J. Marsh. 42. The jury always act under the control of the court; but their verdict is what they agree to, before they

are discharged.  See cases, *supra*.  There is no error in the verdict raised by this assignment of errors.

The judgment of the court below is affirmed.