## THE ROMAN.[*]

(*Circuit Court, E. D. Pennsylvania.* October 27, 1882.)

1. ADMIRALTY—COLLISION—FAILURE TO SHOW TORCH—CONCURRENT NEGLIGENCE —BURDEN OF PROOF.

   Where a sailing vessel fails to show the prescribed torch upon the approach of a steamer, and a collision occurs which presumably would have been avoided had the torch been shown, the burden of proving concurrent negligence on the part of the steamer is on the sailing vessel, and such concurrent negligence will not be held upon uncertain proof or doubtful conclusions.

2. SAME.

   Where the evidence is conflicting as to the exhibit of a light, and if the witnesses for the sailing vessel were believed the course of the steamer could only be accounted for on the hypothesis of criminal negligence, such a conclusion will not be adopted.

3. SAME—EVIDENCE OF STATEMENTS OF CREW.

   No weight is to be attached to evidence that a statement was made by one of the steamer's crew that he saw the light in time to have avoided the collision.

   *The Roman*, 12 FED. REP. 219, reversed.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

Appeal from a decree of the district court. The facts and the opinion of the district court are fully reported in 12 FED. REP. 219.

*Henry G. Ward* and *Morton P. Henry* for appellants.

*John A. Toomey* and *Henry R. Edmunds* for appellee.

McKENNAN, C. J. In the district court the schooner was adjudged to be in fault in omitting to exhibit the light required by the rules of navigation, and that adjudication is but faintly, if at all, contested here. Half damages were decreed against the steamer, on the ground that a globe light was swung from the stern of the schooner towards the steamer, which the latter ought to have seen, and thus have avoided the collision.

The side regulation lights on the schooner were confessedly invisible to the steamer, and the only warning she could have of the proximity of the schooner was the swinging of the globe light. That such a light was exhibited we regard as sufficiently proved, but whether in time to enable the steamer to adapt her movements to the emergency, is matter of very serious doubt. The schooner's witnesses, who were on her deck, testify that it was seasonably exhibited; while the captain, mate, wheelsman, and lookout on the steamer, who were on deck and affirm that they were observant, deny that they saw any light. It was the especial duty of the lookout to exercise constant vigilance, and it is not an unreasonable presumption that he was not unfaithful to his obligation. If the steamer was approaching the schooner dead astern, and the globe light was not shown until just before the steamer's helm was put a-port, the strong probability is that none of the persons on her deck could see the light over her bow. If it was exhibited eight or ten minutes before the collision, and as the schooner's witnesses testify, so that it must' be inferred that the steamer saw it, her conduct can only be accounted for on the hypothesis of criminal recklessness or negligence, because a slight and perfectly practicable deflection from her course would have carried her safely astern of the schooner. This conclusion ought not to be adopted except under the pressure of' preponderating proof; and especially as the motive of pecuniary interest, and of the safety of the vessel and of those on board of her, bears strongly against it.

In this connection we have not attached any weight to the testimony touching a declaration or statement by some one of the steamer's crew that he saw the globe light in time to avoid the collision, because we regard it as, at least, of questionable competency, (*The Seaton,* 2 W. Rob. 391; *The Empire State,* 1 Ben. 64; *Railroad Co.* v. *Brooks,* 57 Pa. St. 339; *Packet Co.* v. *Clough,* 20 Wall 528,) and

as inherently indefinite and unsatisfactory. But taking into consideration all the evidence, and giving to that on each side the weight to which it is fairly entitled, we are unable to conclude that the men on the steamer either saw the globe light, or that it was exhibited at such a time, in such a way, or under such circumstances, as that they ought to be presumed to have seen it. If the schooner had performed its duty by exhibiting the prescribed light, presumably it would have escaped injury. The burden is upon it to show that the cause was the misconduct or negligence of somebody else; and it must be borne upon no uncertain proof or doubtful conclusions. We cannot relieve it of the full consequences of its own dereliction by transferring them partly to another, whose culpability is problematical.

The libel must be dismissed with costs, and it is so decreed.