# Baker *v.* Swift & Son.

*Statutory Detinue for Horses, Mules, &c.*

1. *Entries on docket, as part of record.*—Extracts from the docket of the court below, copied into the transcript by the clerk, but not made a part of the record by bill of exceptions or otherwise, are the mere unauthorized memoranda of the clerk, and can not be considered by this court for any purpose.

2. *Summons not signed by the clerk; waiver of defect.*—In a statutory action for the recovery of personal property *in specie*, the summons not being signed by the clerk, though the indorsement requiring the sheriff to take possession of the property was properly signed; the sheriff

[Baker v. Swift & Son.]

having taken the property from the possession of the defendant, and no objection to the defective summons being raised for four or five terms during which the suit was pending, before a judgment by default was taken; *held,* that the defect in the summons was waived.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by George P. Swift & Son, suing as partners, against R. P. & R. H. Baker, to recover several mules, horses, and other personal property; and was commenced on the 19th December, 1885. The summons, as copied into the transcript, was not signed by the clerk; but indorsed on it was an order of seizure to the sheriff, in regular form, which was dated December 19th, and was signed by the clerk. The sheriff returned the writ, December 21st, 1885, executed by service on R. P. Baker, and not found as to R. H. Baker, and that he had taken the property into possession; and further, December 30th, that the defendants had failed to give bond within the time prescribed by law, and he had delivered the property to the plaintiffs, who had executed the statutory bond. At the May term, 1888, a judgment by default was rendered, in regular form, followed by the verdict of a jury in favor of the plaintiffs, assessing the separate value of the several articles sued for, and a judgment for the plaintiffs for the property or its alternate value as assessed. The clerk has copied into the transcript, also, without explanation, several entries, or memoranda, which seem to have been copied from the docket of the court below; each being the statement of the case at each term, with the names of the attorneys, and each showing the entry of an attorney's name for the defendants except at the May term, 1888, when the entry is "*Appearance* withdrawn;" and the clerk appends a certificate, stating that those words were written by the presiding judge at that term, and that no appearance was ever entered for defendants on the *Appearance Docket.* The judgment is now assigned as error, because the record shows that the summons was not signed by the clerk.

HARRISON & LIGON, and J. J. ABERCROMBIE, for appellant, cited *Costley v. Driver,* 45 Ala. 230; *Wilson v. Owen,* 45 Ala. 451; *Shapard v. Powers & Bros.,* 50 Ala. 377; *Harrison v. Holley,* 46 Ala. 484; *Gregg v. Gilmer,* 54 Ala. 425.

A. & R. B. BARNES, *contra,* cited *Cooley v. Lawrence,* 12 How. Pr. 176; 5 Duer, 605; 1 Tidd's Practice, 86.

[Baker v. Swift & Son.]

STONE, C. J.—This was a statutory action for the recovery of personal chattels in specie, a substitute, with additional powers, for the common-law action of detinue. The summons, which accompanied the complaint, was not signed by the clerk; but the indorsement upon it, stating that plaintiffs had made the necessary affidavit and given bond, and commanding the sheriff to seize the chattels, was signed by the clerk officially, and bears the same date as the summons. Under this order of seizure, the sheriff did take possession of the chattels; and the defendants failing to give a replevin bond within five days, the plaintiffs gave the requisite bond, and took the property into possession.—Code of 1886, §§ 2717 *et seq.*

We agree with counsel that what purports to be extracts from the docket in the Circuit Court below is no part of the record, and can not be looked to by us. The docket is not a record, and what the transcript purports to set forth, as part of it, is but the unauthorized, unofficial statement of the clerk. We will treat this case as if that were stricken out.

This case remained on the docket of the Circuit Court for over two years, when a judgment by default was taken against the defendants, with a writ of inquiry, executed. No objection was taken in the court below, for the failure of the clerk to sign the summons, nor are we informed whether the copy-summons was signed or not. As we have said, the writ of seizure, which the law requires to be indorsed on the summons, was signed by the clerk officially, and bears the same date as the order of filing indorsed by the clerk. Code of 1886, § 2717. We think this record, in the absence of any objection raised in the court below, furnishes sufficient evidence that the summons was issued by the clerk. Code of 1886, § 2652.

In support of the conclusion we have reached, we feel justified in referring to the fact that, under the process and order of seizure, the sheriff took from the possession of defendants the property sued for, including, among other things, one mule and one mare; and these were never restored to defendants. The defendants certainly had notice of the suit, and we hold, if they had ground of objection, they have waived it.—*Lenoir v. Broadhead*, 50 Ala. 58; *Young v. Broxson*, 23 Ala. 684. This case is distinguishable from *Harrison v. Holley*, 46 Ala. 84, in several particulars.

We have now noticed the only question assigned as error.

Affirmed.