# Wiggins *v.* Witherington & Co.

*Statutory Detinue for Oxen, Horse, &c.*

1. *Transcript; what is not part of record.*—A motion to amend the judgment entry *nunc pro tunc* and a motion in arrest of judgment, neither of which is set out in the bill of exceptions, are not made a part of the record, so as to be before this court on appeal, by their insertion by the clerk in the transcript.

2. *Statutory detinue; verdict of jury; construction of.*—In a statutory action for the recovery of personal property in specie, the verdict of the jury was as follows: "We, the jury, find for the plaintiff the ox named Buck worth 35.00, the ox Bright worth 30.00," &c. *Held*, that the verdict, reasonably interpreted, was a finding for the plaintiff not only for the ox "Buck," but for all the property designated by the jury.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Witherington & Co. against John A. Wiggins, to recover several oxen, a horse, and other personal property described in the complaint. By order of the trial judge, the original of the the verdict of the jury was attached to the transcript on the appeal to this court. The verdict is as follows: "We the jury find for the plaintiff the ox name Buck worth 35.00 the ox Bright worth 30.00 the red ox worth 20.00 the red and white speckle ox 20.00 the cart 25.00 the horse worth 50.00." The court treated this as a verdict for the plaintiff for all the property designated, and rendered judgment accordingly. The defendant appeals.

J. M. WHITEHEAD, for appellant.

STALLWORTH & BURNETT, *contra.*

THORINGTON, J.—The record contains two motions made by appellant after verdict in the court below. One is a motion to amend the judgment-entry *nunc pro tunc*, and the other is a motion in arrest of judgment. The only errors assigned are based on the refusal of the court to grant these two motions. Neither motion is set out in the bill of exceptions. They are copied in the transcript as part of the record, but it has frequently been held that the insertion of such motions by the clerk in the transcript does not make them part of the record. They must be expressly made such by a bill of exceptions. The bill of exceptions does not show that any action was taken by the Circuit Court on the motion in arrest of judgment, or, if action was taken, that appellant excepted thereto. It does appear from the bill of exceptions that the court denied the motion to amend *nunc pro tunc*, but, inasmuch as the motion is not set out in the bill of exceptions, this court can not know what it was, or whether the court ruled correctly thereon; it is not before us.—*Baker v. Swift & Sons*, 87 Ala. 530.

We have examined the judgment-entry, in connection with the verdict of the jury, and find no substantial variance between them that would authorize a reversal of the case. The verdict, reasonably interpreted, is a finding for the plaintiff, not only for the ox "Buck," but for all the property designated by the jury. Although informal, the verdict was sufficient to authorize a judgment thereon, and, as stated above, there is no substantial variance between the judgment and the verdict.

It is not made to appear that any error occurred in the proceedings of the Circuit Court of which appellant can complain, and its judgment denying the motion to amend *nunc pro tunc* is accordingly affirmed.

Affirmed.