J. HAYASHI, Plaintiff, *v.* F. IWATA, doing business under the name of Kibi Shoten, Defendant, and THE PHOENIX INSURANCE COMPANY OF BROOKLYN, NEW YORK, Garnishee.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 25, 1902.     DECIDED MARCH 17, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A copy of a summons that does not have the impress of the seal or the signature of the clerk of the court, when issued from a court of record and delivered to a garnishee, is defective in substance. Such defect cannot be corrected by amendment.

OPINION OF THE COURT BY GALBRAITH, J.

The single exception presented by the plaintiff was to the ruling of the Circuit Judge sustaining the motion of the defendant to set aside the service attempted to be made on the garnishee.

The plaintiff commenced an action in assumpsit in the Circuit Court against the defendant, F. Iwata, doing business as Kibi Shoten, and the Phoenix Insurance Company, of Brooklyn, New York, as garnishee. It appears that summons was regularly issued and served on the defendant and an attempt was made to

serve the local agent of the garnishee. The return of the sheriff as to this service is as follows: "Served the within summons on The Phoenix Insurnce Company of Brooklyn, New York, therein named as garnishee, through C. J. Hutchins, its agent, by leaving with him a true and attested copy thereof, at Honolulu, Island of Oahu, Territory of Hawaii, this 14th day of October, A. D. 1902, at 3:25 o'clock p. m. ˙ A. M. Brown, High Sheriff."

The garnishee appeared specially and presented a motion to set aside the service attempted to be made upon it on the ground that the certified copy of the summons left with its agent did not bear the impress of the seal of the court or the signature of the clerk. This motion was supported by the affidavit of C. J. Hutchins averring that he was the agent of the said Phoenix Insurance Company and the only person in this Territory authorized to receive service for it and that A. M. Brown, High Sheriff, had delivered to affiant "as and for a certified copy of said pretended original garnishment summons a certain paper, which is hereto attached and marked 'Exhibit A' and that no other or further service was made upon said garnishee in said cause." "Exhibit A," attached to the affidavit bore neither an impress of the seal of the court nor the clerk's signature.

Under the law in this Territory a summons from a court of record, such as the Circuit Court, must be issued by the clerk, "under the seal of the court," etc. Section 1217, Civil Laws, Section 1102, C. L., relative to the service of summons as amended by Act 5, Laws of 1898, reads: " Every summons issued under the seal of a court of record shall be served by the high sheriff, or his deputy, or a sheriff or deputy sheriff, upon the defendant, by the delivery to him of a certified copy thereof, * * * * * or in case the defendant cannot be found, by leaving such certified copy with some agent or person transacting the business of the defendant, or at the defendant's last place of residence."

The provision relating to garnishment is in part as follows: "Whenever the goods or effects of a debtor are concealed in the hands of his attorney, agent, factor or trustee, so that they cannot be found to be attached or levied upon, or when debts are

due from any person to a debtor, any creditor may bring his action against such debtor, and in his petition for process may request the court to insert therein a direction to the officer serving the same, to leave a true and attested copy thereof with such attorney, agent, etc.    *    *    *    and to summons such attorney, agent, etc.    *    *    *    to appear personally upon the day or term mentioned and appointed in said process for hearing the said cause, and then and there on oath to disclose whether he has, or at the time said copy was served, had any of the goods and effects of the defendant in his hands," etc.    *    *    *    Section 1710, Civil Laws.

The summons left with the garnishee's agent was endorsed under the printed words, "Garnishee Summons," "Issued at 3:10 o'clock p. m., October 15th, 1902.  J. A. Thompson, Clerk," and across its face was the following certificate, "I hereby certify the within summons and annexed complaint to be true copies of the originals on file in said court, A. M. Brown, High Sheriff."

It is contended for the plaintiff (1) that the service of summons on the garnishee was sufficient; (2) that even, if it were not sufficient, it was not void but voidable merely and that leave to amend should have been allowed.

In support of the first point it is argued that the object and purpose of a summons is to inform the person to whom it is delivered of the commencement of an action, by whom, its nature and the time and place he is required to appear and answer or plead and that the signature of the clerk under the endorsement on the summons shows by whom the same was issued and that this summons left with the garnishee fulfilled all of these requirements and was good and sufficient.  This argument is not sound for the sufficient reason that the copy of the summons served on the garnishee did not have two things that the statute says it should have had, *i. e.*, the impress of the seal of the court and the signature of the clerk.

The only further question is, were those defects of form merely rendering the summons voidable and subject to amendment on request or were they of substance rendering the summons absolutely void and the service of no force and effect.

The claim of right to amend the summons is not based upon our statutes of amendments but upon the broad proposition of the general and inherent power of a court over its process. Nor is it contended that if the omissions are of the substance they are subject to amendment.

The case of *Miller v. Ziegler*, 44 W. Va. 484; (also 67 Am. St. Repts. 777) is cited as a controlling authority in favor of plaintiff's contention. An examination of that case discloses that it was a suit in equity wherein an attachment had issued. A moton to quash the writ was made on the ground that the writ had not been signed by the clerk when it was delivered to the sheriff for execution. It appears that the writ had been signed when the motion was made. The court discusses the case on the supposition that the writ had not been signed by the clerk and holds that this was an inadventure or clerical error that did not render the writ void but voidable and that the court below should have permitted an amendment under its general and inherent power to control its process. If there was any statute in West Virginia defining the requisite of process no reference is made to it nor is ther an intmation that the suit being in equity the court would be more liberal in allowing amendments than a court of law should be. That case is easily distinguishable from the one at bar. That was an attachment suit, this is a garnishment proceeding and a third party is sought to be brought into court by the process—that was a suit in equity and this is an action at law wherein the plaintiff is attempting to follow a statutory proceeding without complying with the terms of the statute. In any event the reasoning of that decision does not appeal to me with such force that I am willing to follow it as a controlling authority.

In the State of Iowa the statute (Sec. 3804, McClain's Code) provides that "actions in a court of record shall be commenced by serving the defendant with a notice signed by the plaintiff or his attorneys" and this notice seems to take the place of summons in this jurisdiction. The Supreme Court there held, in a case where the service was made by delivery of a copy of the

notice without the signature of the plantiff or of his attorney, that the court acquired no jurisdiction of the defendant. The court says in part: "It seems clear to us that, unless the copies show that the original was authenticated by the signature of the plaintiff or his attorneys the defendants were not bound to recognize it as a legal notice. They knew the notice only as shown by the copy, and surely, had the original been as these copies represented it to be, without signature, the court would have refused a default and judgment. Because of this omission it seems to us that it is clearly a case of no service." *Hoitt v. Skinner,* 99 Iowa, 360, 365, 366.

In applying the same rule the Supreme Court of Texas said: "A defendant may know that a suit has been brought against him, yet he is not bound to take action until he has been duly served with a process. He may justly conclude that the court will see that he has been duly cited before acting and hence is not presumed to know of a judgment that has been renderd against him without jurisdiction. A proceeding under a writ of garnishment is no exception to the rule. On the contrary the garnishee cannot accept service or voluntarily answer so as to affect the rights of the defendant in the original suit or judgment or that of his creditors. The writ of garnishment takes effect so as to fix a prior claim upon the fund which is sought to be reached only by the service of the writ in the manner provided by law. Until this is done the garnishee can not be in any manner affected by the suit." *Harrell v. The Mexico Cattle Co.,* 73 Tex. 612, 616.

If the attempt to serve the garnishee was not simply defective but was no service at all then it follows as a matter of course that there could be no amendment for in the latter event to allow an amendment would be to permit the substitution of service where none had been made. "This power of amendment," said Judge Choate, in *Brown v. Pond,* 5 Fed. Rep. "can only be exercised in cases where the court has acquired jurisdiction over the defendant, or he has submitted himself to the jurisdiction." In other words it is power to amend a defect in process. There must first be a process to be amended. *United States v. Turner,*

50 Fed. 734, 735. "The summons must be signed by the clerk. His signature is a matter of substance. It is a fundamental part of the summons. Without it there is no summons." *Sherman v. Huot*, 52 Pac. 558, 559. See also *Russell v. Craig*, 10 Colo. Appl. 428; *Dwight v. Merritt*, 4 Fed. 614; *U. S. v. Rose*, 14 Fed. 61.

The only way the court could have acquired jurisdiction over the garnishee and the property in his hands, if any, was by service of process in the manner prescribed by our statute. This was not done. The attempted service was defective in substance and was no service and the court had no power to permit an amendment of the defect.

The exception is overruled.

*W. Austin Whiting and C. F. Clemons* for plaintiff.

*Humphreys, Thompson & Watson* for garnishee.

### Concurring Opinion by Frear, C.J.

As I understand it, the motion to set aside the service on the garnishee was based only on the want of a copy of the signature of the clerk and not on the want of a copy of the seal, but the latter will have to be considered to some extent in disposing of the former question. Also there was no exception to the refusal to allow an amendment. It does not even appear except perhaps by inference that a motion to amend was made.

The law on this subject is in a very unsatisfactory state. Many nice distinctions are made and decisions can be found on each side of almost every phase of the subject. In general it may be said that the law is more strict in the case of original process (such as that now in question) than in the case of mesne process, and in the case of summons to a garnishee, as here, than in the case of a summons to a defendant, and in a case where the question is raised at the outset, as here, than where it is not raised until after judgment. Some courts have gone so far as to hold that the want of a seal alone in a summons to a defendant may be taken advantage of even after judgment, and upon collateral attack, as in *Choate v. Spencer*, 13 Mont. 127, based on *Ins.*

*Co. v. Halleck,* 6 Wall. 556. The author of a note on that case, in 40 Am. St. Rep. 431, says that this is a decision that, by sacrificing substance to form, "cannot 'but make the judicious grieve'," and contends that the decision in the 6th of Wall. did not go quite so far, but he seems to concede on the same page that if the objection were taken on motion or plea or even on appeal, the defect could not be cured by amendment.

Undoubtedly the prevailing rule formerly was, and perhaps still is, in the absence of statute, that the omission of either the seal or the signature, rendered the service void. The better opinion at the present time, however, seems to be that if either is present the writ may be amended or at least ought to be amendable as to the other. *Dwight v. Merritt,* Fed. Rep. 614; *Wolf v. Cook,* 40 Fed. Rep. 432. The object of the signature and seal is to show that the summons issued from the court, and the presence of one is sufficient to furnish something to amend and amend by, as it is said. And yet it must be conceded that in most instances where such amendments have been allowed, it has been by express statutory authority. There is no such express authority here. Section 1260 of the Civil Laws, does not relate to amendments of process. It should be amended so as to apply to more than the pleadings. But it is at least doubtful whether if so amended it would permit an amendment when both seal and signature are absent. The cases do not seem to go so far under such statutes elsewhere. It is true the court has power in the absence of statute to amend process, but not to the same extent as under the statutes.

The questions of importance seem to be whether there is sufficient on the copy served on the garnishee to show that the original summons issued from the court and whether the strictness of the law as to originals should be relaxed as to copies sufficiently to permit an amendment as to both seal and signature.

In *Dwight v. Merritt,* supra, and *Peaslee v. Haberstro,* 15 Blatchf. 472 (19 Fed. Cas. No. 10,884) it was held that the original could not be amended when both signature and seal were lacking. The same has been held where, as here, a copy alone was served. If a copy alone is served, the case is the same as if

the original had no seal or signature. For the copy alone is relied on to bring the party into court and he is justified in assuming that the original is like the copy. *Hoitt v. Skinner* 99 Ia. 360. In *Laidley v. Bright*, 17 W. Va. 779, referred to in a note in 20 Enc. of Pl. & Pr. 1119, a joint judgment against several defendants seems to have been reversed because the copy of the writ served on some of the defendants was not signed by the clerk, but in *Cochran v. Davis*, 20 Ga. 581, referred to in the same note, a motion to dismiss based on a similar ground appears to have been denied. It does not appear in either of those cases whether there was a seal, and there may have been other features in those cases material to the question. In *Kelly v. Mason*, 4 Ind. 618, the court held that the seal need not be copied, but apparently the signature had been copied. In *Lee v. Clark*, 53 Minn. 315, in which the signature of the attorneys was not copied, as required by the statute, the names of the attorneys indorsed on the summons and signed to the complaint attached to the summons, were copied, the question was not raised until after judgment, and the court said that the proper course would have been to have moved to set aside the service. In *Martin v. Lindstrom*, 75 N. W. (Minn.) 1038, the original, properly signed, was read to the defendant, in addition to handing him a copy without the signature. In *Collins v. Merriam*, 31 Vt. 622, there was merely a dictum that the omission to copy the signature of a justice of the peace would not defeat the effect of the service as a notice, but so far as appeared, as held by the court, such signature had been copied; and see *Andrus v. Carroll*, 35 Vt. 102, holding the writ void where the magistrate's name did not appear on the original. *Miller v. Ziegler*, 44 W. Va. 484 (67 Am. St. Rep. 777), which is much relied on by the plaintiff, related to the original, not to a copy. In that case it was held that the writ was amendable in respect of the signature. It does not appear that the seal also was wanting, and, to judge from the authorities cited and the language used, the court apparently did not intend to decide that both the seal and the signature could be supplied by amendment.

But it appears that the following indorsement on the summons

was copied on the copy: "Issued at 3:10 o'clock P. M., October 14, 1902. J. A. Thompson, Clerk." Was this sufficient? This indorsement was not required by law. It was a separate act from signing the writ and was for a different purpose. It was not intended to authenticate the writ. It was no more than a statement that the writ, such as it was, that is, unsigned and unsealed, had issued. A clerk's certificate that an invalid writ had issued would not validate it. In *Andrus v. Carroll, supra,* the magistrate omitted to sign the writ, but signed the minute of recognizance on the same paper just below the space left for the signature to the writ. The court held that this was a separate and distinct act and that the defect was fatal, although no opinion was expressed as to whether it was curable by amendment, as there was no exception to a refusal to allow an amendment—which is the case here. In *Lindsay v. Kearney County;* 56 Kans. 630 (44 Pac. 603), the summons was not signed, but there was an indorsement on the back signed by the clerk stating the amount for which judgment would be taken in case of a default. The court held that the summons was void, on the theory that the signing of the indorsement was a separate act and not required by law. In *Baker v. Swift,* 87 Ala. 330 (6 So. 153), however, the signing of an indorsement was held sufficient, but in that case the indorsement was of a writ of seizure, which was required by law, and this was signed officially, and the property was actually seized, and no objection was made, and the court remarked that that case was distinguishable in several particulars from that of *Harrison v. Holley,* 46 Ala. 84, in which summons was held void because unsigned.

Accordingly, I must hold, though with great reluctance, that the service was insufficient and that the exception should be overruled.

### DISSENTING OPINION OF PERRY, J.

The object of the service upon the garnishee required by our statute is to give him notice of the institution and nature of the action, and of the court, time and place at which it is returnable.

In my opinion, the service made in this case was sufficient to accomplish this purpose. The original summons was duly signed and sealed and was of full force and effect. The copy was perfect in every respect save only as to the lack of a copy of the signature and the seal. That it gave the garnishee notice of the nature of the action and of the court, time and place at which it was returnable is clear and unquestioned; and, while the space for the clerk's signature was blank and the seal likewise was not copied, the endorsement on the back, made by the clerk who is authorized by the statute to issue such process, disclosed that process had been issued and was, I think, sufficient notice to the garnishee that the original bore the necessary signature, and that the omission to insert the copy of the signature was a mere clerical oversight. The absence of a copy of the seal is not relied upon by the garnishee and is, indeed, clearly immaterial. Even if the original summons itself had not borne the seal, that alone would not have renderd the service void.

I regard the point made for the garnishee as a technicality which ought not to be upheld. The object of the statute was substantally accomplished.

The exception to the order declaring the service void and setting it aside, should be sustained.