## THOMAS MULLEN v. JOHN WALKER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 18, 1904.        DECIDED AUGUST 2, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

PROCESS—*Amendment, seal and signature.*

> The copy of a summons served on the defendant may be amended, at least under the statute authorizing amendments of process, by adding the seal of the court if the copy already bears the signature of the clerk.

### OPINION OF THE COURT BY FREAR, C.J.

This case, in assumpsit, comes here on plaintiff's exceptions to (1) the granting of defendant's motion to set aside the service of summons on the ground that the copy served upon the defendant did not bear the seal of the court, and (2) the denial of plaintiff's motion to amend the said copy by placing the seal thereon.

The trial court made these rulings against its own views—on the supposition that it was bound to do so by the decision of this court in *Hayashi v. Iwata,* 14 Haw. 627. In our opinion the view of the trial court was correct, and the decision referred to did not require it to hold otherwise. Not to mention minor points of difference between that case and this, there were these

two of importance: in that case both the seal of the court and the signature of the clerk were lacking while in this only the seal is lacking, and there was at that time no statute authorizing amendments of process, while now there is such a statute. Laws of 1903, Act 78. Although there are divergent views elsewhere as to the power to amend process in respect to the signature and seal whether under or in the absence of general statutory authority to amend process as well as pleadings, the better view seems to be that when either the signature or the seal is present the process may be amended as to the other—at least under statutory authority to amend process. In such case the court is not wholly without jurisdiction. There is something to amend and something to amend by, as it is said. See cases cited in the decision above referred to.

The exceptions are sustained, the rulings excepted to reversed and the case remanded to the Circuit Court for further proceedings consistent with this opinion.

*T. McCants Stewart* for plaintiff.

*W. T. Rawlins* for defendant.