MYRTLE IVERSON v. JOHN N. LUBY ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 84073

Memorandum filed January 3, 1950.

*John F. Downes,* of New Britain and *Warren Maxwell,* of Hartford, for the Plaintiff.

*David E. FitzGerald, Jr.,* of New Haven, for the Defendants.

INGLIS, J.  This plea in abatement is founded solely on the fact that the copies of the writ and complaint served upon the defendants did not bear a copy of the signature of the commissioner of the Superior Court who issued the process.  It is not disputed that the original writ was properly signed, nor is it disputed that the copies served were attested by the officer who made the service as copies of the original.

The purpose of the requirements of the statutes as to the formalities of service of process is to provide a defendant with adequate actual notice that an action has been instituted against him by the named plaintiff for the cause of action set up in the complaint and that the action is returnable to the specified court at the specified time.  *Clover* v. *Urban,* 108 Conn. 13, 16.

That purpose was fully accomplished by the service made in this case.  Although the name of the commissioner who signed the writ was absent from the copies left with the defendants, those copies did show a blank line with the words "Commissioner of the Superior Court for Hartford County" typed underneath it.  The defendants could reasonably infer from the fact that the officer was making service that he was duly authorized to do so and that, therefore, the original writ had been signed.  By reading those copies, therefore, the defendants were fairly apprised of the fact that the writ had been issued by some commissioner of the superior court.  It could make no substantial difference to them which commissioner had issued it.  Accordingly, all of the purposes intended by the statute were fully accomplished by the service made in this case.

The weight of authority in other jurisdictions is that the omission of the copy of the signature of an authority issuing the process from the copy served on the defendant is not ground for abatement. The reasoning is that such an omission does not mislead the defendant and therefore the purpose of the service has been accomplished. 42 Am. Jur. 20; 50 C. J. 484; 1917c L. R. A. 151; *Harris* v. *Taylor,* 148 Ga. 663, 667; *Collins* v. *Merriam,* 31 Vt. 622, 624; *Washington County* v. *Blount,* 224 N. C. 438, 439.

In the present case, the defendants could not have been misled. The copies served on them fully and accurately apprised them of the pendency of the action. It is, therefore, concluded that the omission of the copy of the commissioner's signature from the copies served upon them is not adequate cause for the abatement of the action.

The plea in abatement is overruled.