[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS ACTION BASED UPON SERVICE OF UNSIGNED SUMMONS AND COMPLAINT
In their motion to dismiss for lack of personal jurisdiction defendants Rosa Built, Angela Rosa and Dominic Rosa claim that the process served upon them was defective because the copies of the summons and complaint served do not contain a signature nor a copy of a signature in the space for taking the recognizance. Said defendants further assert that they were not served with a "true and attested copy" of the writ, summons and complaint as represented by the sheriff. The plaintiff points out that the original summons and complaint bear the appropriate signatures and maintain that service of unsigned copies of the summons and complaint does not deprive the Court of personal jurisdiction over the defendants. The Court takes judicial notice that the original writ, summons and complaint bear the appropriate signatures. The recognizance is appropriate in form and has the appropriate signatures.
Requisites as to the contents of civil process are proscribed by the statute.
 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment describing the parties, the court to which it is returnable, the return day and the date and place for the filing CT Page 2761 of an appearance. The writ . . . . . shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. (Emphasis added).
Conn. Gen. Stat. 52-45a.
It is clear beyond cavil that the service of the unsigned copies of the writ, summons and complaint was proper, provided the original writ, summons and complaint were signed. In Crossroads Development, Inc. v. Planning Zoning Commission, 201 Conn. 1 (1989), the Connecticut Supreme Court approved the service of the unsigned process and reviewed the historical interpretation of the term "true and attested copy" as used in Connecticut process statutes. A "true and attested copy" is not a duplicate copy. Suffice it to say, a duplicate copy is tantamount to an original. See Crossroads Development, Inc., supra at pages 4 and 5, citing the 1921 case of Lorch v. Page,97 Conn. 66. Furthermore, service rendered did not mislead the defendants, but apprised them of their responsibilities regarding this case. Iverson v. Luby, 16 Conn. Sup. 403
(1950).
Accordingly, the motion to dismiss is denied.
CLARANCE J. JONES, JUDGE