## HAYNES *versus* SLEDGE AND MAXY.

A writ, which appeared from the teste thereof, to have issued on Sunday, held void.

But, ruled competent for a plaintiff by replication to a plea, ' that a writ issued on Sunday,' to show facts authorising its issuance.

*Semble*—that circumstances which would justify the *service* of process, under the statute of 1803, would likewise authorise its *issuance.*

The plaintiffs below, Sledge and Maxy, declared against the defendant Haynes, in the action of trespress on the case. The defendant plead in abatement of the writ, that it had issued upon the Sabbath, and on demurrer, the Circuit Court held the plea bad, and gave judgment thereon for the plaintiff.

The case was brought up, upon this point, from the Circuit Court of Montgomery.

GOLDTHWAITE, for Plaintiff—Cited 7 *Comyn*, 399 ; 2 *Dyer*, 163.

By Mr. Justice THORNTON :

This was an action of trespass on the case, brought by the defendants in error, who were plaintiffs below, against the present plaintiff. The only error assigned is, that the Court below sustained the demurrer of the defendants to the plea in abatement, filed by the plaintiff. The plea was, that the original writ issued on Sunday, as was apparent from its teste. The maxim of the Common Law "*Dies Dominicus non est juridicus*," as we learn from all the authorities, which we consult for its principles, expressly embraced and avoided every original process obnoxious to this objection.[a]

There is no provision in our Constitution, or any enactment of our Legislature, which, by implication, or expressly, in the letter or spirit of it, abrogates this rule. The Declaration of Rights contains several clauses on the subject of religion; all of which have for their object, the preservation of the rights of conscience, and the security of the citizen from any violation of his civil rights, privileges, and capacities, by means of any religious testes, or ecclesiastical establishments. It is expressly said, no human authority ought in any case whatever, to control, or interfere with the rights of conscience. Now, if by express legislation, every original writ were declared void, which issued on Sunday ; I could not say that such an act, was in violation of the letter, or spirit of the constitution. I would rather incline to the opin-

[a] 20 Vin. Ab. 62, 63, title Sunday—7 Comy. Dig. 399—3d Burr. 1598.—2 Dyer, 168.

ion, that it would not be.   For although a Jew, a
Turk, or a religious sectarian of any conceivable
faith, or persuasion, might fill the office of clerk;
and the doing of the forbidden act, would be no hurt
to his conscience, and a fruitful source of profit; yet,
such a municipal regulation, of the functions of the
office, would surely be no violation of the rights of
conscience; nor unconstitutional preference, of one
sect to another; nor establishment of religion by law.
Then the Common Law rule doing the same thing,
would be liable to no greater objection.

We do not hesitate to declare, that it is incompe-
tent to the Judiciary, to abolish this rule of the Com-
mon Law.   To decide that a writ issued on Sunday,
is valid, would be equivalent to saying, that the per-
formance of the official duties of a large class of pub-
lic functionaries, is as obligatory upon them, on this
day, as on any other; for if the officer *may* do so, it
might well be argued that he *must*; and we would
by judicial decision, be imposing a duty upon him,
contrary to the Common Law, which the Legislature
have never, in this instance, thought proper to abol-
ish.

a Aik. Dig. 440   We have a statute,a making void to all intents and
purposes, the *service* of any process on Sunday, ex-
cept in criminal cases, or for a breach of the peace,
unless upon affidavit made as prescribed, "that un-
der cover of the said first day of the week, the per-
son liable, intends to withdraw, or escape from the
State."   It would seem to me, that in those instan-
ces, where from the urgent necessity of the case,
*service* of process is authorised, its *issuance*, is under
the same circumstances, rendered a matter of duty;
and being provided for the prevention of fraud, and
iniquity, could not shock the moral, and religious

sense of the community, as a general disregard of the Sabbath, assuredly would. If the writ in this case had been issued under circumstances making it an exception from the general rule, or if other facts exist, which would avoid the plea, it would have been competent to the party to have shewn it, by his replication; and as by the decision of the Court, it was held that no such shewing was necessary, the opportunity will still be allowed for the plaintiff to do so.

Let the judgment be reversed, and the cause remanded.