# Farmers Oil & Mfg. Co. *v.* Melton & Stuart.

*Assumpsit.*

(Decided April 7, 1909.   49 South. 225.)

1. *Action; Commencement; Filing; Complaint.*—The filing of a complaint with the clerk of the circuit court is the commencement of an action.   (Section 4853, Code 1907.)

2. *Dismissal or Non Suit; Grounds; Discontinuance.*—The summons and complaint was filed with the circuit clerk on April 3, 1907, but was not executed before the spring term of the court, and was returned to the court without any return of service after the expiration of the time of service, and the cause was not docketed at such term.   On August 31, following under the plaintiff's direction, the clerk erased the date in the summons and complaint originally filed and inserted the date of August 31, 1907, refiled the papers, signed the summons and delivered them to the sheriff who executed and returned the same on September 5, and the case was placed upon the docket.   Held, that under this state of facts it was error to dismiss the action brought on August 31, on the grounds that there had been a discontinuance, for if there was a discontinuance of the first action, the plaintiff could bring the second; and if there had not been a discontinuance, the pendency of the first action would be a matter of plea in abatement to the second action and not a plea in bar.

3. *Same; Voluntary Dismissal; Acts Constituting.*—Where a summons and complaint was filed in April but not served in time for the next term of court, and was returned without endorsement of service, and the date of filing was erased by direction of the plaintiff and

a subsequent date inserted and the case docketed, if not a dismissal of the first action, was tantamount to a dismissal in vacation, though not intended as such, it not being necessary to notify the defendant of such dismissal as there had been no service in the first instance. (Section 5357, Code 1907.)

4. *Same; Discontinuance; Nature and Effect.*—A discontinuance is in effect an abandonment of the same cause and a declaration of plaintiff's willingness to stop the action, but it is not an adjudication of his cause by the proper tribunal nor an acknowledgment by him that his claim is not well founded.

APPEAL from Wilcox Circuit Court.

Heard before Hon. THOM. L. COCHRAN, Special Judge.

Assumpsit by the Farmers O. & M. Co. v. Melton & Stuart. From a judgment of dismissal plaintiff appeals. Reversed and remanded.

N. D. GODBOLD, for appellant. No discontinuance happened.—*Ex parte Humes,* 130 Ala. 203; *Garrett v. Mayfield W. Mills,* 44 South. 1026; *Ex parte State,* 71 Ala. 367.

J. N. MILLER and J. M. BONNER, for appellee. The suit was discontinued.—*Ex parte Hall,* 47 Ala. 680; *Ex parte N. E. A. R. R. Co.,* 37 Ala. 679; Sec. 3283, Code 1896; *Armstrong v. Robinson,* 2 Ala. 164; *State v. Drinkhart,* 20 Ala. 9; *Barclay v. Barclay,* 42 Ala. 347. There was no waiver by the entrance of the defendant as the entrance was special.—*Tampley v. Beavers,* 25 Ala. 534; *Griggs v. Gilmer,* 54 Ala. 425; 19 Wall. 570; 16 Wall. 203; *Stetson v. Goldsmith,* 30 Ala. 602; *Scott v. Hull,* 14 Ind. 136.

MAYFIELD, J.—There is but one question involved in this appeal—whether there was a discontinuance of the cause of action. The facts seem to be undisputed, and are as follows: The plaintiff lodged with the clerk of the circuit court of Wilcox county the summons and complaint on the 3d day of April, 1907, and the clerk

on the same day signed the summons and placed the summons and complaint, or copies thereof, in the hands of the sheriff of that county. The summons was not executed before the spring term of the circuit court, but was handed back to the clerk by the sheriff, without a return thereon, after the expiration of the time for service. The cause was never docketed at the spring term, 1907, and therefore no order was asked or taken at the spring term of the court. On the 31st day of August, 1907, the clerk, acting under direction of plaintiff's attorney, took the summons and complaint originally filed with him, erased the date "April 3, 1907," and inserted in lieu thereof the date "August 31, 1907," and refiled the paper and signed the summons on the 31st day of August, 1907, and placed the same, or copies thereof in the sheriff's hands for service on defendant on the same day; and the sheriff executed the writ on the 5th day of September, 1907, and returned the same to the circuit court as of that date. The summons and complaint as last issued were placed upon the docket. The defendant had entered no appearance upon the appearance docket by himself or counsel, but had had witnesses subpœnaed at the fall term, and after having the witnesses subpœnaed, on the 29th day of October, 1907, he entered a special appearance for the purpose only of moving to dismiss the cause for the reason that there had been a discontinuance by failure to have the cause continued at the spring term, or to have an alias summons and complaint issued at the fall term, returnable at the next term. The cause was heard upon this motion to dismiss because of a discontinuance, and upon the facts above set forth, which were undisputed, the court granted the motion, and entered an order on the minutes of the court dismissing the cause and taxing the plaintiff with the costs. From this judgment the plaintiff appeals, and

assigns as error the judgment and order of the court dismissing the action and taxing the plaintiff with the costs.

The trial court was clearly in error in dismissing this cause of action. It is unnecessary to decide whether or not there had been a discontinuance of the cause of action brought on the 3d day of April, 1907, for the reason that it would be error for the court to strike the cause of action brought on the 31st day of August, 1907, on the ground of discontinuance, whether there had been a discontinuance before or not. If there had been a discontinuance of the first action brought, plaintiff had a right to bring the second on the 31st day of August, 1907. If there had not been a discontinuance, there were two causes of action pending at the same time, in the same court, between the same parties, as to the same subject-matter, and the second suit might then have been abated by a plea in abatement because there was another pending; but in that event the first would still be pending, and the defendant, for the first time, could have had an alias summons issued upon the original complaint. There is no doubt that the filing of the complaint with the clerk on the 3d day of April, 1907, and the delivery of the same by him to the sheriff, was the commencement of the suit within the meaning of our statute.—Code 1907, § 4853; *West v. Engel,* 101 Ala. 509, 14 South. 333.

Whether or not the failure of the plaintiff to have the cause entered upon the docket and to obtain a continuance, or to have an alias summons and complaint issued because of failure to serve before that term, amounts to a discontinuance, it is not necessary to decide, for the reason that the refiling of the action on the 31st of August, 1907, was as much the beginning of another suit as the filing of that of April 3d was the commencement of the original; and certainly it cannot be contended that

[Farmers Oil & Mfg. Co. v. Melton & Stuart.]

there was a discontinuance of that cause for the reason that the motion was made and the action dismissed at the first term of the court at which there could have been any action by the plaintiff or the court. The conduct of the plaintiff on the 31st day of August, 1907, if not a discontinuance of the first action brought, was a dismissal in vacation, under section 5357 of the Code. There having been no service, no notice was required; and, while the plaintiff may not have intended his action as a dismissal, it was tantamount to a dismissal of the first cause of action and the bringing of the second. This did not and could not result in injury to the defendant ,other than possibly to render him liable for some additional cost. A discontinuance or dismissal of a former action cannot be pleaded as a retraxit in bar of a new suit, and such dismissal or discontinuance cannot operate as a retraxit or bar a second cause of action. So, if there was any discontinuance, it was of the first cause of action brought, and not of the second; and, as stated above, if there was no discontinuance or dismissal of the first action when the second was brought, it would be matter for plea in abatement, and not in bar.

It is possible that the plaintiff was negligent in not having his first cause of action placed upon the trial docket, and in not having an alias summons and complaint to issue, which the court only could do; but, if guilty of such negligence, it was without possible injury to the defendant, for the reason that there had been no service or notice whatever to the defendant, and under the statute he had a right to dismiss this action in vacation and without notice, and, this being done, he had a right to bring the second action at the time and in the manner recited. While it might have been improper for the plaintiff and the clerk to use the court papers theretofore filed in the original suit, yet this could not

amount to a discontinuance of the second cause. There can be no question that there was anything aproaching a discontinuance of this second action, because the motion was made by the defendant to dismiss it at the first term of the court at which any action could have been taken by the plaintiff.

A discontinuance is in substance and effect an abandonment by the moving party of his pending cause. It is a mere gap or chasm in the proceedings, occurring while the suit is pending. It is nothing more than an action or declaration of the plaintiff's willingness to stop the pending action. It is not an adjudication of his cause by the proper tribunal, nor is it an acknowledgment by himself that his claim is not well founded, nor can it amount to a bar of another action.—*Ex parte Humes,* 130 Ala. 201, 30 South. 732; *Hayes v. Dunn,* 136 Ala. 528, 34 South. 944; *Bullock v. Perry,* 2 Stew. & p. 319.

The judgment is reversed, and the cause remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.