## HOUGH Et Ux. *v.* RESERVE GOLD MINING COMPANY

No. 2808

February 5, 1929.                    274 P. 192.

*Norcross & Cheney,* for Appellant:

*Clyde D. Souter*, for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is an appeal from an order vacating a judgment of dismissal.

The case was set for trial on June 7, 1927, at Eureka, Nevada, about 200 miles distant from Reno, where the attorneys for both parties resided.

On the 5th day of June, counsel for the plaintiff applied to counsel for the defendant at Reno for a stipulation continuing the setting of the case for trial, which

was refused. On the morning of the 6th counsel for defendant started for Eureka to try the case on the 7th. On the same morning counsel for the plaintiff telegraphed the clerk of the court at Eureka as follows:

"Please enter discontinuance of the case of M. J. Hough versus Reserve Gold Mining Company. Mrs. Hough is sick and attorneys for defendant will not grant a continuance."

Simultaneously he sent a telegram to an attorney in Eureka requesting him to see to it that the dismissal of the case was entered. Both telegrams were delivered on the morning of the 6th about 11: 45.

The clerk failed to make the order of dismissal, and, on the following morning when court convened, counsel for the plaintiff failing to appear, counsel for the defendant moved for judgment of dismissal of the suit, the dissolving of the attachment, and for costs, which was granted.

■ On the 16th of the same month, the plaintiff served and filed its notice of motion to vacate the judgment so entered, upon two grounds: (1) Because the dismissal should have been made by the clerk on plaintiff's request on June 6, hence the court was without jurisdiction to make the order of June 7. We need not state the second ground given. The motion should have been sustained on the first ground.

It is provided by section 5237, Rev. Laws, that an action may be dismissed, or a judgment of nonsuit entered in the following cases: "1. By the plaintiff himself at any time before trial, upon the payment of costs, if a counterclaim has not been made. * * * "

No counterclaim was filed in this case. The word "discontinue" is synonymous with "dismiss" (Farmers' Oil & Mfg. Co. v. Melton & Stuart, 159 Ala. 469, 49 So. 225), and the telegram was an authorization to dismiss, and it was the plain duty of the clerk upon its receipt to enter up the order of dismissal on plaintiff's motion, and at his costs.

■ There is nothing to the contention that the accrued costs must have been paid before the order

of dismissal could have been properly entered. As said in Hancock Ditch Co. v. Bradford, 13 Cal. 637: " * * * We do not understand that the plaintiff is bound to tender the costs before being entitled to be nonsuited; for the costs cannot be at the moment known or computed. But this proviso was only meant to declare that the effect of the nonsuit is to subject him to costs. At common law, the right of the plaintiff was to take a nonsuit at any time before the jury retired, and we do not construe the statute as altering the rule. (3 Ch. Genl. Pr. 910.)"

The order appealed from was based on the second ground of the motion, but, being right, should be, and is, affirmed.