(121 So. 448)

**PELHAM v. VIRGINIA–CAROLINA CHEMI-CAL CORPORATION.  (1 Div. 794.)**

Court of Appeals of Alabama.   March 26, 1929.

Almon & Almon, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Joe M. Pelham, Jr., of Chatom, in pro. per.

James N. Granade, of Chatom, for appellee.

RICE, J.  Judgment in the court below went against John J. Carter, who appealed to this court. Pending the appeal, Carter died, and the cause was, in this court, upon proper motion and proof, revived in the name of Joe M. Pelham, as administrator of the estate of John J. Carter, and proceeds. Code 1923, § 6147.

94

■■ Appellant first insists that the trial court erred in overruling his motion to quash the service of the summons, on the ground that the sheriff's return shows the service to have been had upon him on August 7, 1927, which we judicially know was on a Sunday. True, as set up in the motion, it *does* appear that the service of the summons was had on Sunday, and none of the reasons for permitting such service, set out in Code 1923, § 9416, are made to appear. The trial court, it seems to us, might well have granted the motion. But, as said by the Supreme Court in the opinion in the case of Comer v. Jackson, 50 Ala. 384, which case is cited and relied upon, in this connection, by appellant: "The object of the service of process is to give notice of the suit to parties to be affected by the judgment." And, "service of process made on the Sabbath is only irregular, and not wholly null and void."

■ So where, as here, it appears that defendant (appellant) actively and vigorously defended himself against the action brought, pleading all the defenses, apparently, that occurred to him, we are entirely unable to see wherein he suffered any injury by the technical error committed by the trial court in overruling his motion to quash the service of the summons. It seems to us that Supreme Court rule 45 was adopted to meet just such situations. This rule plainly provides that: "Hereafter (its adoption) no judgment will be reversed or set aside, etc., * * * on the ground of * * * error as to any matter of pleading or procedure, unless, in the opinion of the court to which the appeal is taken * * * after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." And, as was said by Mr. Chief Justice Anderson, speaking for the Supreme Court, in the opinion in the case of Henderson v. Tenn., Coal, Iron & R. R. Co., 190 Ala. 126, 129, 67 So. 414, 415, it (the above-mentioned rule 45) "was intended to obviate previous rulings as to reversing cases upon the mere presumption of injury, whenever error was shown, and makes it incumbent upon an appellant to not only show error but also that he was probably injured thereby." We will not reverse the judgment for the error in overruling appellant's motion to quash the service of the summons upon him.

This was a suit by appellee against John J. Carter upon a note or bill single. Carter denied, by proper plea, the execution of the note. He also pleaded by way of set-off an amount claimed to be due him from appellee on account of the sale by it of some cotton which he stated was pledged to it as security for his indebtedness. The issues in the case were clearly and accurately defined by the trial court in his excellent oral charge to the jury. So far as we can see, appellant's intestate was accorded every opportunity, by the trial court's rulings on the taking of testimony, to present fully the defenses asserted by him. We have examined each ruling made, and are of the opinion the case was well, fairly, and correctly tried, according to the prevailing rules of law.

Finding nowhere any prejudicial error, the judgment must be, and is, affirmed.

Affirmed.