39 So.2d 785

## SHADE v. SHADE.

4 Div. 512.

Supreme Court of Alabama.

March 24, 1949.

Rehearing Denied April 14, 1949.

Chauncey Sparks, of Eufaula, for appellant.

Grady G. Cleveland, Jr., of Eufaula, for appellee.

SIMPSON, Justice.

■ "Dies Dominicus non est jurisdicus"—the Lord's Day is not a court day—is a recognized maximum of the common law and "there is no provision in our Constitution, or any enactment of our Legislature, which, by implication, or expressly, in the letter or spirit of it, abrogates this rule." Haynes v. Sledge, 2 Port. 530, 531, 27 Am.Dec. 665; Reid v. State, 53 Ala. 402, 25 Am.Rep. 627; Jemison v. Howell, 230 Ala. 423, 161 So. 806, 99 A.L.R. 1511.

■ Consonant with the maxim, it is generally declared that except as otherwise prescribed by statute, no judicial proceeding, as distinguished from acts ministerial, can be done or had on Sunday and if so transacted is void. Jemison v. Howell, supra, 230 Ala. 423, 426, 161 So. 806, 99 A.L.R. 1511; Matthews v. Ansley, 31 Ala. 20; Haynes v. Sledge, supra; Reid v. State, supra; 60 C.J. 1146, § 108, n. 57; 50 Am.Jur. 858, § 73.

■ The record shows that the decree from which this appeal is prosecuted was rendered and filed March 7, 1948. The court judicially knows that this date was Sunday. Koch v. State, 115 Ala. 99, 22 So. 471; Pelham v. Virginia-Carolina Chemical Corp., 23 Ala.App. 93, 121 So. 448. The decree was, therefore, void on its face.

■ In order to avert the operation of the above-stated rule, counsel for appellee argues that, though the decree was so rendered, the rendition thereof was a purely ministerial act, thus taking it without the influence of the doctrine. In this we cannot agree. "As the rendition of a judgment, order, or decree is a judicial act, it is void when done on Sunday." 60 C.J. 1146, § 108. In fact, we can conceive of no more solemn, judicial act than the rendition of a final decree as the instant one, adjudicating all of the rights of the parties to the hotly contested litigation. For sustaining authorities, see n. 57, 60 C.J., supra; 50 Am.Jur. 859, § 74, and notes.

■ But a review of the propriety of such decree cannot be entertained. Being void on its face, the decree will not support an appeal and the appeal must be dismissed. Craig v. Root, 247 Ala. 479(2), 25 So.2d 147; Boozer v. Boozer, 245 Ala. 264(4), 16 So.2d 863; Bell v. King, 210 Ala. 557, 98 So. 796; Adams v. Wright, 129 Ala. 305, 30 So. 574.

■ We point out, however, that perhaps the dating of the decree was a typographical error and that the court rendering it could, on motion, have set it aside. "When the records of a court show that one of its judgments is void, the court rendering such judgment will expunge such judgment from its records at any time. Martin v. Atkinson, 108 Ala. [314], 320, 18 So. 888; 3 Mayf.Dig., p. 1176, § 873; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Brooks v. Johns, 119 Ala. 412, 24 So. 345; 3 Mayf.Dig. p. 1177, § 883." Hynes v. Underwood, 191 Ala. 90, 92–93, 67 So. 994, 995; Ex parte Griffin, 243 Ala. 672(6), 11 So.2d 738; Johnson v. Johnson, 182 Ala. 376(8), 62 So. 706; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Baker v. Barclift, 76 Ala. 414; Pickens v. Clark, 203 Ala. 544 (2), 84 So. 738.

Appeal dismissed.

BROWN, LAWSON, and STAKELY, JJ., concur.