43 So.2d 319

**Ex parte SHADE.**

**4 Div. 578.**

Supreme Court of Alabama.

Dec. 8, 1949.

140

Chauncey Sparks, of Eufaula, for petitioner.

Grady G. Cleveland, Jr., of Eufaula, for respondent.

LIVINGSTON, Justice.

The petition for mandamus alleges in substance that, on March 12, 1947, Mrs. Lillie B. Shade sued Will Shade for a divorce, custody of their two minor children, support for herself and the minors, attorney's fee, etc. On March 7, 1948, the Barbour Circuit Court, in Equity, entered a decree granting the divorce; and from that decree the respondent, Will Shade, appealed to this Court. Here the appeal was dismissed for the reason the decree of the lower court was made and entered on Sunday and was therefore null and void. See, Shade v. Shade, 252 Ala. 134, 39 So. 2d 785.

Subsequent to this Court's dismissal of said appeal and, on March 25, 1949, Lillie B. Shade interposed a motion to amend the decree of the trial court nunc pro tunc. No action was ever taken on this motion.

On June 14, 1949, Lillie B. Shade filed a petition in the circuit court praying "that your honor will entertain jurisdiction of this her petition and will reconsider the original bill of complaint and the pleadings filed thereafter, reconsider the testimony taken in the trial of said cause, and upon consideration make and enter a decree forever dissolving the bonds of matrimony

now existing between complainant and respondent," etc., praying for the same relief as in the original bill. In other words, as we view it, resubmitting the cause for final decree.

Demurrers were interposed and overruled to the petition to resubmit.

On October 17, 1949, Hon. J. S. Williams, the judge of the Third Judicial Circuit entered a decree, the here pertinent parts being as follows:

"This cause coming on now to be heard is submitted on the original bill and answers, each as amended, and on the testimony and pleadings as noted by the register. The court is of the opinion that the complainant is entitled to relief, insofar as her effort to secure a divorce on the ground of cruelty is concerned, and it is ordered, adjudged and decreed that the complainant, Lillie B. Shade, be, and she is forever divorced from Will Shade, the respondent, for and on account of cruelty, and is denied relief on the alleged ground of adultery.

"It is further ordered, adjudged and decreed that the complainant is entitled to relief insofar as she seeks support and maintenance for her two minor children, and the respondent is hereby required to pay to the register of this court on the 15th day of each month the sum of forty dollars for the support and maintenance of the minor children, the fruits of the marriage between complainant and respondent, which sum is to be delivered to the complainant to be used exclusively for the support and maintenance of said children, such sum of $40.00 per month as aforesaid to begin as of March 15, 1948, and judgment is hereby rendered in favor of complainant and against respondent for all past installments, in the sum of $800.00, and respondent is directed to forthwith pay said amount to complainant, and, in addition thereto, to pay to complainant the aforesaid sum of $40.00 per month beginning November 15, 1949, and a like amount, for the purposes aforesaid, on or before the 15th of each and every month hereafter, subject to the future order or orders of this court pertaining to the same, and during the minority of aforesaid children.

"It is further ordered, adjudged and decreed that the respondent pay to the register of this court forthwith the sum of $150.00, hereby adjudged to be a reasonable fee for the solicitors of record of complainant for their services rendered in her behalf, and that the register divide said sum in equal parts, delivering $75.00 to Hon. Archie Grubb and $75.00 to Hon. Grady Cleveland respectively.

"It is further ordered, adjudged and decreed that the complainant is not entitled to any sum as alimony for herself, and that execution may issue for the payments of the sums awarded as support for the minor children and for the fee of the solicitors of record, judgment in each instance being hereby rendered against respondent for such sums, if not paid as herein required, and no exemptions of personal property shall apply against such judgments.

"It is further ordered, adjudged and decreed that neither party hereto shall remarry for a period of sixty days from the date hereof, except to each other, and that after the expiration of such time, if no appeal is taken from this decree, the complainant shall have the privilege of remarrying, and that the complainant be, and she is hereby found to be a suitable person to have the control, custody, and possession of the two boys, minors, the fruits of the marriage between complainant and respondent, and that respondent pending the future action of this court is denied the right to again enter into matrimony. It is further ordered, adjudged and decreed, that, pending the future action of the court, the respondent is granted the privilege of having with him the two said minor children on alternate Saturdays from noon until the following Sunday at 6 P.M., and that, to effectuate this part of this decree, the complainant is required to surrender and deliver said minor children to the said respondent on each alternate Saturday at 6 P.M., and he, in turn, is required and directed to redeliver and return said children at the time appointed, 6 P. M., on the Sunday on which he has had them in his possession, to the complainant."

This petition for mandamus prays that the Hon. J. S. Williams, judge of the Third Judicial Circuit, be required or commanded to set aside, annul and cancel the above decree or, in lieu thereof, a rule nisi be issued by this Court, commanding the said J. S. Williams to show cause, etc.

On former appeal this Court held that the decree of March 7, 1947, was null and void because made and entered on Sunday. Shade v. Shade, supra. A void decree will not support an appeal. This Court can acquire no jurisdiction on such an appeal even by consent of the parties; but it must take notice of its own want of jurisdiction apparent on the record. Craig v. Root, 247 Ala. 479, 25 So.2d 147, and cases there cited.

Neither the entering of the former void decree nor the appeal from it together with its dismissal by this Court created or caused a discontinuance of the case. A discontinuance is defined as a "gap or chasm in the proceeding after suit is pending." When a cause is regularly on the docket, the passing of a term (nor time alone, so far as we are advised), without the entering of an order continuing the same, does not make such a chasm as to work a discontinuance, unless the record discloses some act of the plaintiff or prosecuting officer by which the chasm is produced. Smith v. State, 149 Ala. 53, 43 So. 219; Farmers' Oil & Manufacturing Co. v. Melton & Stuart, 159 Ala. 469, 49 So. 225; City of Mobile v. Mobile Board of Revenue, 219 Ala. 60, 121 So. 49.

Equity Rule 68, Code 1940, Tit. 7 Appendix, provides: "When a cause or matter has been submitted for a decree or order, such decree or order must be rendered and filed with the register within four months after the submission, or a resubmission shall be necessary."

Under the provisions of the foregoing rule, the cause was properly resubmitted to the trial court.

We are not here concerned with errors, if any, committed by the trial court in its decree of October 17, 1949. An appeal lies from that decree. The rule nisi is denied.

Petition for mandamus dismissed.

BROWN, FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.